IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jamie Lee Grooms, ) | Criminal Action No.: 4:07-cr-01038-RBH-1 |
| ) | Civil Action No.: 4:11-cv-02814-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with Petitioner's [Docket Entry 78] *Pro Se* Motion for Reconsideration pursuant to Rule 59(e), Federal Rules of Civil Procedure, filed on March 2, 2012.[1] Petitioner asks the court to reconsider its [Docket Entry 75] Order entered on February 22, 2012, which granted Respondent's [Docket Entry 70] Motion to Dismiss and dismissed Petitioner's [Docket Entry 52] § 2255 Motion to Vacate as time-barred. Petitioner also asks the court to reconsider its denial of a certificate of appealability. For the reasons set out below, the court denies Petitioner's Motion for Reconsideration.

**Standard of Review**

Motions under Rule 59 are not to be made lightly: "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations and citations omitted). "Rule 59(e) provides that a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). "Thus, the rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); *see also DNT, LLC v. Sprint Spectrum, LP*, 750 F. Supp. 2d 616, 626 (E.D. Va. 2010) ("Rule 59(e) . . . is an extraordinary remedy, and may not be used to resurrect facts and legal theories already considered and rejected by the court. DNT's Motion rehashes old arguments . . . for which a motion for a new trial or to amend a judgment is inappropriate." (internal citation omitted)).

## Discussion

I. <u>Motion for Reconsideration</u>

Upon review, the court concludes that Petitioner's Motion for Reconsideration should be denied. As an initial matter, despite Petitioner's contention to the contrary, there has not been an intervening change in case law. Petitioner argues that *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), was an "intervening change in law." (Motion for Reconsideration at 2.) However, the Fourth Circuit issued its decision in *Simmons* prior to this court's February 22, 2012 Order dismissing Petitioner's § 2255 Motion to Vacate as time-barred. Not only was this court fully aware of *Simmons* at the time of its ruling, but the court specifically ruled that Petitioner's § 2255 Motion

2

to Vacate was untimely filed even in light of *Simmons*. Moreover, although Petitioner now generally alleges a "miscarriage of justice," he has not shown that his § 2255 Motion to Vacate should be considered timely or that this court erred in concluding in its February 22 Order that the Motion to Vacate was time-barred under § 2255(f).[2] Accordingly, the court concludes that Petitioner's Motion for Reconsideration should be denied.

II.     Certificate of Appealability

Petitioner also argues in his Motion for Reconsideration that the undersigned erred in denying a certificate of appealability. As this court noted in its February 22 Order, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, for the reasons stated in this Order and in this court's February 22 Order, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right." Thus, the court continues to deny a certificate of appealability.

## Conclusion

Based on the foregoing, it is therefore **ORDERED** that Petitioner's Motion for

---

[2] Similarly, Petitioner has likewise failed to set forth any arguments sufficient to cast doubt on this court's previous ruling that his § 2255 claims also appear to be procedurally barred. (*See* Feb. 22 Order at 6 n.5.)

Reconsideration is hereby **DENIED**.  Also, Petitioner's request for a certificate of appealability is again **DENIED**, as Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

**IT IS SO ORDERED.**

                                       s/R. Bryan Harwell
                                       R. Bryan Harwell
                                       United States District Judge

Florence, South Carolina
March 26, 2012