IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jamie Lee Grooms, ) | |
| ) | 4:07-cr-01038-RBH |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

This matter comes before the Court upon the *pro se* motion of the petitioner, Jamie Lee Grooms, pursuant to Fed. R. Civ. P. 60(b), filed on August 20, 2014 (ECF No. 98). In his motion, the petitioner contends that his previous Section 2255 petition should be reinstated in light of the Fourth Circuit decision of <u>Miller v. United States</u>, 735 F.3d 141 (4th Cir. 2013), which applied <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) retroactively.

The petitioner previously filed a 28 U.S.C. § 2255 motion on October 12, 2011 in which he requested to be resentenced in light of <u>Carachuri-Rosendo v. Holder</u>, 130 S.Ct. 2577 (2010) and <u>Simmons</u>. This Court issued an order dismissing the Section 2255 Petition on February 22, 2012 on the basis that the petition was not timely under 28 U.S.C. § 2255(f). In a footnote, the court found that, even if the petition had been timely filed, it would still be subject to dismissal on the basis of procedural default. The Court denied the petitioner's motion to reconsider on March 26, 2012. Petitioner appealed to the Fourth Circuit, which refused to issue a certificate of appealability. <u>See</u> mandate issued on August 13, 2012 (ECF No. 92).

1

The petitioner's instant "Motion to Remedy Defect in Collateral Review Process Pursuant Rule 60(b) Fed. R. Civ. P. Due to Intervening Change in Law and Current Review of Applicable Statute" (ECF No. 98), asserting based on Miller that the Court's order denying his Section 2255 petition as untimely may "now possibly be in error", amounts to a challenge to his underlying conviction and sentence. Because the petitioner has previously filed a § 2255 petition which was adjudicated on the merits, the present petition is successive. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)); see also 28 U.S.C. § 2255 ("A second or successive motion [under this section] must be certified as provided in § 2244 by a panel of the appropriate court of appeals[.]"). In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a motion under § 2255. See Winestock, 340 F.3d at 205. The docket does not reflect any such authorization.

Because the petitioner's motion is successive, this court lacks jurisdiction to consider the motion. The court denies the motion (#98) without prejudice to allow the petitioner to seek written permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
April 10, 2015